# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Agreement ("Agreement") is made and entered into as of the 18 day of April, 2022 by and between John Siwiecki ("Siwiecki") and Moba Americas, Inc. ("Moba").

WHEREAS, Siwiecki filed suit against Moba in the U.S. District Court for the Eastern District of Michigan, Southern Division, Judge Sean F. Cox, case number 2:21-cv-12826 (the "Lawsuit").

WHEREAS, Moba denies Siwiecki's allegations and any wrongdoing whatsoever; and

WHEREAS, Siwiecki and Moba have agreed to settle Siwiecki's claims in order to avoid the uncertainties of litigation.

THEREFORE, in consideration of the promises, agreements, releases and obligations as set forth below, the parties agree as follows:

1. In consideration of the payments set forth in Paragraph 3 and other agreements herein, Siwiecki knowingly and voluntarily waives, releases and forever discharges Moba and its respective employees, shareholders, agents, attorneys, officers, and directors, parents, subsidiaries and affiliated entities, from any and all claims, causes of action, suits, damages, liquidated damages, back pay, front pay, wages, overtime, bonuses, commissions, compensation, reinstatement, interest, attorney fees and costs, expenses or liabilities of every nature and kind whatsoever in law or in equity, whether known or unknown to any of the parties, arising at any time through the date of this Agreement or that accrue after this Agreement by reason of any existing facts, including the continuing effects of any act or practice which may have occurred prior to the date of this Agreement. This release includes, but is not limited to the Lawsuit and any other claims arising out of: the Fair Labor Standards Act ("FLSA"); the Michigan Payment of Wages and Fringe Benefits Act; Title VII; the Age Discrimination in Employment Act; the Americans with Disabilities Act; the Michigan Elliott-Larsen Civil Rights Act; the Michigan

Persons With Disabilities Civil Rights Act; the Family and Medical Leave Act; other state and federal claims of discrimination of any kind; claims of breach of employment contract, employee handbook, severance contract or plan, or any policy; claims for implied contract or promissory estoppel; and any other claims under federal, state or local law seeking money damages, liquidated damages, injunctive relief, compensatory or punitive damages or attorney fees, exclusive of only claims for unemployment benefits, workers compensation benefits, and any other claims that cannot be waived as a matter of law. Siwiecki gives up his right to sue and any rights he may have under these or any other laws or theories, with respect to, among other matters, Siwiecki's employment with and separation of employment from Moba. Without limiting the scope of Siwiecki's Release of Claims, this Agreement will not affect rights Siwiecki may have, if any, to benefits under the terms of any retirement or pension plan sponsored by Moba, or for short- or long-term disability benefits.

2. Nothing in this Agreement shall bar or interfere with an Equal Employment Opportunity Commission, Michigan Department of Civil Rights or Department of Labor charge investigation or proceeding or Siwiecki's right to participate in, or cooperate with, such charge, investigation, or proceeding. However, the Settlement Payment (defined below) provided to Siwiecki in this Agreement shall be the sole relief and compensation provided to Siwiecki for the claims released herein. Siwiecki acknowledges that he will not be entitled to recover, and hereby waives, any compensation or monetary benefits from Moba in connection with any such charge, investigation or proceeding, without regard to who filed such charge.

3. In consideration for the releases provided for in Paragraph 1 and other promises contained in this Agreement, Moba shall pay to Siwiecki, via delivery to Siwiecki's counsel, Sanford Law Firm, PLLC, at 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas

72211, the gross amount of Twenty Thousand Dollars ($20,000.00) ("Settlement Payment"), within five (5) business days after the Court approves the settlement, as follows:

(a) Nine Thousand Dollars ($9,000.00) to Sanford Law Firm, PLLC, which represents attorney fees and costs. Moba will issue a Form 1099-MISC (box 14 – proceeds paid to an attorney) to Sanford Law Firm, PLLC for this amount and will not withhold taxes. Moba agrees that these fees and costs are reasonable and shall not require Siwiecki's counsel to separately petition for fees and costs. If the Court requires Siwiecki's counsel to separately petition for fees and costs, Moba shall not oppose Siwiecki's efforts to obtain approval of the agreed upon fees and costs, including any motion for reconsideration or appeal of a denial of fees and costs.

(b) Five Thousand Five Hundred Dollars ($5,500.00), as liquidated damages under the FLSA via a check payable to Siwiecki. Moba shall not withhold payroll or income taxes from this payment but shall issue a Form 1099-MISC (box 3 – other income) to Siwiecki for this amount.

(c) The gross amount of Five Thousand Five Hundred Dollars ($5,500.00) as lost wages, less all applicable tax withholding, via a payroll check to Siwiecki. Moba will issue a Form W-2 to Siwiecki for this amount.

The above payments have been characterized as such at Siwiecki's request and Moba gives no assurance as to the characterization or tax treatment of this payment.

4. Siwiecki understands that the only consideration for signing this Agreement is that stated in Paragraph 3 above and that no other promise or agreement of any kind has been made to or with him by any person or entity to cause him to sign this Agreement. Siwiecki further understands that he will not receive any other payment, money, compensation or other

benefit from Moba. Siwiecki agrees that the consideration stated in Paragraph 3 is sufficient for his release provided in Paragraph 1, as well as for Siwiecki's other promises in this Agreement.

5. This Agreement is conditioned upon the Court's approval of the settlement and dismissal with prejudice of the Lawsuit. Accordingly, the parties authorize and direct their attorneys to file a Joint Motion for Approval of this Agreement and/or settlement and dismissal with prejudice of the Lawsuit, to be prepared and filed by Moba's counsel.

6. Siwiecki's counsel, Sanford Law Firm, PLLC, hereby confirms that it does not represent any other Moba employees and will not solicit any other Moba employees for representation or with regard to any claims against Moba.

7. Siwiecki represents and warrants that he has returned to Moba all files, data, customer lists, contacts, financial information, and all other property of Moba, which he may have possessed.

8. In further consideration of the Settlement Payment provided in Paragraph 3 above, Siwiecki agrees that he will not now or at any time in the future seek employment or a relationship with Moba, either as an employee or an independent contractor.

9. Siwiecki shall not make any statements to any third parties, on social media or otherwise, which disparage or denigrate Moba. Moba and its current officers and directors agree not to make any statements to any third parties which disparage or denigrate Siwiecki. Neither this provision, nor the proceeding provision, will preclude a Party from providing truthful testimony if compelled to do so by a legal process.

10. From the date of execution of this Agreement, Siwiecki shall not disclose to or discuss with any person or entity, other than Siwiecki's immediate family and Siwiecki's legal and financial advisors, directly or indirectly, by or through any agent, employee or other representative any of the following: the fact of this settlement; the amount of the Settlement

Payment; the terms and conditions of this Agreement; the negotiations culminating in this Agreement; the Lawsuit, the underlying allegations or any other allegations against Moba; or the pleadings, Orders and other documents filed in the Lawsuit or the location (physical or electronic) of such filings. Specifically, this prohibition precludes any such disclosure to or discussion with any current or former employee, contractor or agent of Moba. Siwiecki further represents and warrants that he has not disclosed to any person or entity, other than Siwiecki's immediate family and Siwiecki's legal and financial advisors, directly or indirectly, any of the following: the amount of the Settlement Payment and the terms and conditions of this Agreement. If asked about the Lawsuit, Siwiecki may respond that "the matter has been resolved," or words of similar effect.

11. Siwiecki understands and agrees that, if he materially breaches any of the promises, representations or obligations he made in this Agreement, Moba will be entitled to recover Five Thousand Dollars ($5,000.00) of the Settlement Payment paid under this Agreement and to recover all damages, costs and attorney fees as permitted under law incurred as a result of the breach.

12. Siwiecki and Moba agree that Moba does not admit any wrongdoing or liability by virtue of entering into this Agreement, and expressly acknowledge and agree that settlement of Siwiecki's claims and this Agreement are not to be construed as an admission of liability or unfair or unlawful action on the part of Moba, and that settlement of these disputed claims is entered into in order to avoid further litigation.

13. Moba agrees that, in the event such contact is made by a prospective employer of Siwiecki that the prospective employer will be provided only neutral information concerning Siwiecki's employment with Moba, such as dates of employment and last position held.

Doc ID: b35a5ff5238e22de944695000a3d99d2122357cc

14. Siwiecki acknowledges that he has knowledge of the facts bearing on any claims which he has or may have. Siwiecki further acknowledges that he was advised to seek, and has had, the advice of the attorney of his choice regarding any matter related to the termination of her employment, including the legal effect of this Agreement and any claim of coercion, duress or misrepresentation relating to the signing of this Agreement. Siwiecki acknowledges that he was given and has had up to twenty-one (21) days to consider this Agreement. Siwiecki further understands that after accepting and executing this Agreement, he may revoke his acceptance within seven (7) days of execution. Siwiecki further understands that the payments in Paragraph 3 will not be made until eight (8) days after the Court approves this Agreement.

15. This Agreement contains the entire agreement of the parties with regard to the specific subject matter of this Agreement and supersedes all prior or contemporaneous negotiations, understandings, and agreements. No provision of this Agreement may be waived or changed except by a writing signed by the party against whom the waiver or change is sought to be enforced. The failure of any party to require performance of any provision of this Agreement will not affect its right at a later time to enforce that provision.

16. If any provision of this Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable in any manner, the remaining provisions of this Agreement shall nonetheless continue in full force and effect without being impaired and invalidated in any way.

17. This Agreement will be governed by, and interpreted and construed in accordance with, the internal laws of the State of Michigan, without regard to its conflict of laws principles. The parties hereby consent and stipulate to the exclusive jurisdiction of the state and federal courts in Michigan and agree that any dispute involving this Agreement shall be litigated therein.

Doc ID: b35a5ff5238e22de944695000a3d99d2122357cc

18. This Agreement shall be binding upon and inure to the benefit of the parties, their heirs, successors and assigns.

19. This Agreement may be executed in counterparts (including by facsimile or pdf transmitted by email), each of which shall be deemed an original but both of which shall constitute one and the same instrument. This Agreement may be executed and delivered by one or more of the Parties electronically.

20. Each of the parties has had the assistance of counsel of its own choosing in reviewing this Agreement. Each of the parties represents to the others that it fully understands the contents of this Agreement and that it has entered into this Agreement voluntarily.

The parties have executed this Agreement on the date set forth below their signatures.

"Siwiecki"

_____
JOHN SIWIECKI

Dated: 04/18, 2022

"Moba"

MOBA AMERICAS, INC.

By: _____
Its: Director of Finance

Dated: 04/22, 2022

As to Paragraph 6 only:

SANFORD LAW FIRM, PLLC

By: _____
Its: Managing Attorney

Dated: 04/18, 2022

7